UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DARRIAN LAMAR JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN R. JENSEN, Chief Justice of the South Dakota State Supreme Court, JUSTICES OF THE SOUTH DAKOTA STATE SUPREME COURT, JENNIFER MAMMENGA, Circuit Court Judge, Second Judicial Circuit, JOSEPH NEILES, Retired Circuit Court Judge, Second Judicial Circuit, COLLEEN MORAN, Minnehaha County States Attorney, STEVE COWAN, Minnehaha County Public Defender, JULIE HOFER, Minnehaha County Public Advocate, DOUG CLARK, Director, South Dakota Board of Pardons and Paroles, LARRY RHODEN, Governor, State of South Dakota, MINNEHAHA COUNTY, South Dakota, and MARTIN J. JACKLEY, Attorney General, State of South Dakota, in their individual and official capacities,<br><br>Defendants. | 4:25-CV-04042-CBK<br><br>ORDER |

  Plaintiff, a pretrial detainee at the Minnehaha County, South Dakota, jail filed a *pro se* complaint and an amended complaint, along with a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff was granted leave to proceed without the prepayment of the filing fee and ordered to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), which he has done.

  The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

Plaintiff contends that the judicial and attorney defendants deprived him of his federal constitutional rights in conjunction with state court criminal proceedings and state and federal habeas proceedings. He contends that the Board of Pardons and Paroles and the South Dakota Governor have illegally delegated their powers to state court judges. He seeks to have this § 1983 action transferred to the United States Court of Appeals for the Eighth Circuit, contending there is a conflict of interest between federal and state courts in South Dakota arising out of the denial of habeas relief. Plaintiff seeks a declaration that his right to collaterally attack a 2007 state court conviction was a denial of due process. He seeks a declaration that he had a due process right to have a 2007 plea agreement in a state court criminal case enforced. Plaintiff contends that he is entitled in this civil case to a declaration that prior federal opinions enforcing the "Heck favorable termination rule[1]" as to his federal habeas petitions violated his constitutional rights. Plaintiff requests that the Eighth Circuit provide prospective injunctive relief by granting collateral review and vacatur of 2007 and 2021 state court convictions. In the event that the Eighth Circuit denies such relief, he requests prospective injunctive relief from the United States Supreme Court. Following vacatur of his convictions and sentences, plaintiff seeks damages for the violation of his federal constitutional rights arising out of his prior convictions and the denial of his prior habeas complaints. Finally, he seeks injunctive relief enjoining the prosecution of the murder charges pending against him in South Dakota Circuit Court.

Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915A(b). Plaintiff seeks relief from officials who are immune from damages arising out of the performance of their official judicial and prosecutorial functions. Pursuant to the Doctrine of Judicial

---

[1] Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Heck bar has been referred to as the "favorable-termination rule." Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007).

immunity a "judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012). Judicial immunity is overcome only where the alleged actions are "not taken in the judge's judicial capacity" or were "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Plaintiff has failed to allege any action by the judges that was nonjudicial in nature or taken without jurisdiction. Indeed, plaintiff's claims against the defendant judges is that they, in their capacity as judges, failed to sentence him to the sentence he believed he was entitled to or denied his subsequent habeas claims. The judges are immune from suit in this case.

The United States Supreme Court long ago held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Activities that are "intimately associated with the judicial phase of the criminal process" are "functions to which the reasons for absolute immunity apply with full force." Imbler v. Pachtman, 424 U.S. at 430, 96 S. Ct. at 995. All plaintiff's claims against prosecutorial defendants, including the South Dakota Attorney General, are subject to dismissal.

Notwithstanding official immunity, all of plaintiff's claims are subject to dismissal for failure to state a claim. The United Sates Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005) (*quoting* Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Plaintiff is attacking not only the original imposition of conviction and sentence in his state court criminal proceedings, he is also challenging the denial of his various state and federal habeas petitions on the merits. Plaintiff's only redress for claimed failure of a Circuit Court Judge to abide by a plea agreement is appeal to the South Dakota Supreme Court. Plaintiff's only redress for the denial of a habeas petition

is an appeal to a higher court. Section 1983 does not provide a cause of action or relief to vacate a conviction or overturn the denial of a habeas corpus petition.

Plaintiff's complaint fails to state a claim upon which relief can be granted and is subject to summary dismissal.

Now, therefore,

IT IS ORDERED that plaintiff's complaint and amended complaint are dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 17th of June, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge